IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 8 2000

MICHAEL N. MILBY, CLERK

| | | |
|---|---|---|
| BELINDA CARRILLO,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. *C-00-37* |
| AT&T CORP., Individually and d/b/a<br>AT&T Cable Services f/k/a TCI Cablevision,<br>    Defendant. | §<br>§<br>§<br>§ | |

DEFENDANT AT&T CORP.'S
NOTICE OF REMOVAL

TO:   The United States District Court for the Southern District of Texas, Corpus
Christi Division.

Please take notice that pursuant to 28 U.S.C. §§ 1331, 1332, and 1441, Defendant

AT&T Corp. ("AT&T") respectfully files this Notice of Removal seeking removal of this

action from the District Court of Nueces County, Texas, 105th Judicial District, to the

United States District Court for the Southern District of Texas, Corpus Christi Division,

on the grounds of diversity of citizenship and federal question subject matter jurisdiction,

and in support thereof respectfully shows the Court as follows:

I.
Commencement and Notice

1.     Plaintiff Belinda Carrillo ("Carrillo") commenced this action through the

filing of an Original Petition [Exhibit A, Attachment 1] on or about January 3, 2000 as

Civil Action No. 00-13-D, in the District Court of Nueces County, Texas, 105th Judicial

District.  Plaintiff filed a First Amended Original Petition [Exhibit A, Attachment 3] on

or about January 4, 2000.

1

2.      AT&T was served with a Citation and a copy of Plaintiff's First Amended Original Petition through its registered agent, CT Corporation System, on January 10, 2000.

3.      No other process, pleading, motion, or order has been served on AT&T in this action.  AT&T has not yet answered, moved, or otherwise pled with respect to either the Original Petition or the First Amended Original Petition, and its time to do so has not yet expired.

4.      Accordingly, this Notice of Removal is timely filed within thirty (30) days of Defendant's receipt of the First Amended Original Petition, following service of the Citation, as required by 28 U.S.C. §1446(b) and the United States Supreme Court's recent decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322, 1328-29 (1999).

## II.
## Grounds for Removal

**A.      Diversity of Citizenship Subject Matter Jurisdiction**

5.      Plaintiff Belinda Carrillo is, and at all relevant times was, a resident of the State of Texas.  [First Amended Original Petition ¶ II]

6.      Defendant AT&T Corp. is, and at all relevant times was, a New York corporation with its principal place of business in the State of New Jersey located at 295 North Maple Avenue, Basking Ridge, New Jersey 07920.  AT&T is not now, nor has it ever been, a citizen of the State of Texas.

7.      The controversy in this case is between Carrillo (a resident of the State of Texas) and AT&T (a corporation that is a citizen for purposes of 28 U.S.C. § 1332 of the States of New York and New Jersey).  No change of citizenship of the parties to this

2

action has occurred since the commencement of this suit, and Defendant is not a citizen of the State of Texas. Accordingly, diversity of citizenship exists between the real parties in this case.

8.     Plaintiff purports to be a subscriber to cable television service allegedly provided by Defendant. [First Amended Original Petition ¶ III]  Plaintiff purports to share with 85,000 other households in the Corpus Christi area a "common claim" against Defendant. [First Amended Original Petition ¶ IV]  Plaintiff alleges that she adequately represents the class of individuals sharing that common claim [*Id.*], and the state court's docket [Exhibit A, Attachment 6] reflects that concurrently with the filing of the Original Petition, Plaintiff filed a Motion for Class Certification [Exhibit A, Attachment 2], although said motion has not been served on AT&T, and it evidently has not yet been set for oral hearing as required by Texas Rule of Civil Procedure 42.

9.     Plaintiff alleges in substance that Defendant has breached a requirement to provide rebroadcast to its cable television subscribers of KIII Channel 3, the Corpus Christi ABC network television affiliate, during a portion of the month of January 2000. It is alleged that such service was to be provided to those subscribers as part of their "Basic Service" tier of cable television services. [First Amended Original Petition ¶ III]

10.     Removal is proper, because the state court action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.  Under § 1332, the district courts of the United States have original jurisdiction over actions between citizens of different states in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

11.    The members of the class share a common and undivided claim against AT&T based on an alleged single course of conduct by AT&T.  The First Amended Original Petition does not specify the total amount of damages claimed.  However, Plaintiff alleges that she "has sustained a loss of $11.03, the cost of basic [cable television] service including fees and taxes." [First Amended Original Petition ¶ V]  She further claims that the damages of each the class members "do not exceed $20.00 per person." [*Id.*]  According to the face of the First Amended Petition, then, the damages claimed for each member of the class are between $11.03 and $20.00, and hence the total actual damages claimed by the class of 85,000 are between $937,550 and $1,700,000.[1]  In addition, Plaintiff seeks to recover attorneys' fees, and Texas law allows the recovery of such fees in the event a breach of contract claimant prevails.  Tex. Civ. Prac. & Rem. Code § 38.001(8).   [First Amended Original Petition ¶ VI]  As class representative, Plaintiff will be entitled under Texas law, should the class prevail, to an award of attorneys' fees that corresponds to the attorneys' fees she incurred for the legal work performed on behalf of the members of the class.  *See, e.g., City of Dallas v. Arnett*, 762 S.W.2d 942, 945, 954 (Tex. App. – Dallas 1988) ("[T]he court, in the exercise of its equitable discretion, may allow reasonable attorney fees to a complainant who at his own expense has maintained a suit which creates a fund benefitting other parties as well as himself."); *Lancer Corp. v. Murillo*, 909 S.W.2d 122, 126 (Tex. App. – San Antonio 1995) (same).

---

[1]    Plaintiff alleges that "[t]he individual Plaintiff's total claim will not exceed $75,000." [First Amended Petition ¶ VI]  This claim is of no consequence to the removal analysis, however, as Plaintiff purports to represent a class of some 85,000 members on a common and undivided claim against AT&T based on an alleged single course of conduct by AT&T, and the total damages sought by the class, with or without statutory attorneys' fees, far exceeds the $75,000 minimum jurisdictional threshold.

4

12.     For all of the foregoing reasons, based on the allegations of the First Amended Original Petition, the amount in controversy is at least $75,000, and the action may be removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

## B.     Federal Question Subject Matter Jurisdiction

13.     Plaintiff's lawsuit stems from Defendant's alleged provision of federally regulated cable television service.  A determination of the merits of Plaintiff's claims necessarily rests on a construction of the Cable Communications Policy Act of 1984, as amended by the Cable Television Consumer Protection and Competition Act of 1992, codified in scattered sections of 47 U.S.C., and of various regulations promulgated by the Federal Communications Commission relating to and issued under the authority of the Act, and which are compiled in Title 47 of the Code of Federal Regulations.

14.     According to the First Amended Original Petition, Plaintiff's breach of contract claim relates to a temporary disruption in the carriage of ABC Television affiliate KIII on the cable system to which she subscribes during a portion of the month of January 2000.  As AT&T expects the evidence in this lawsuit will demonstrate, this temporary disruption was caused in whole because KIII did not timely execute a "retransmission consent agreement" with the cable system relating to the retransmission of KIII's programming on the cable system.  As set forth in the following paragraphs, a determination of the merits of the breach of contract claims to be asserted in this attempted class action requires an analysis of the complex federal regulatory and statutory scheme governing such retransmission consent agreements.

15.     Title 47 U.S.C. § 534(a) provides, in part, "Each cable operator shall carry, on the cable system of that operator, the signals of local commercial television

5

stations." As a corollary, however, Title 47 prohibits cable operators from retransmitting the signals of a commercial broadcasting station without first obtaining the station's consent. *Turner Broadcasting System, Inc. v. FCC*, 819 F. Supp. 32, 37 (D.D.C. 1993); *see* 47 U.S.C. § 325(b)(1) (providing, in pertinent part, that "no cable system . . . shall retransmit the signal of a broadcasting station, or any part thereof, except – with the express authority of the originating station"); *see also* 47 C.F.R. 76.64(a) (providing that, subject to certain restrictions, "no multichannel video programming distributor [defined to include a cable operator] shall retransmit the signal of any commercial broadcasting station without the express authority of the originating station").

16.     To effectuate the intent of the two quoted statutory provisions, the regulations provide that commercial television stations must make an election between gaining carriage on the cable system by retransmission consent or under "must-carry" status (which is defined in the Act and obviates the need for a retransmission consent). 47 C.F.R. § 76.64(f). If a commercial television station opts to proceed by retransmission consent agreements, FCC regulations provide that such retransmission consent agreements between broadcast stations and cable operators "shall be in writing and shall specify the extent of the consent being granted." 47 C.F.R. § 76.64(k).

17.     In sum, the very heart of the claims to be asserted through this attempted class action necessarily involves a determination of whether the cable system was permitted and/or required under Title 47 of the United States Code and Title 47 of the Code of Federal Regulations to carry KIII during the period when a retransmission consent was lacking. For this reason, this Court has original federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, and this action is

6

removable to this Court without regard to the citizenship of the parties or the amount in controversy.

### III.
### Procedure for Removal

18.     Pursuant to the provisions of 28 U.S.C. §§ 1446(a), 1447(b) and Southern District of Texas Local Rule 81.1, Defendant AT&T attaches to this Notice of Removal copies of all process, pleadings, and orders filed in the 105th Judicial District Court of Nueces County, Texas prior to the filing of this Notice of Removal.  In addition, the Defendant also files an index to the pleadings and the state court civil docket sheet.

19.     Venue is proper in this district under 28 U.S.C. § 1441(a), because this district and division embrace the place in which the removed action has been pending.

20.     Pursuant to 28 U.S.C. § 1446(d), a copy of Defendant's Notice of Removal with its attachments will promptly be provided to Plaintiff's counsel and filed with the Clerk of the Court for the 105th Judicial District Court of Nueces County, Texas, under Cause No. 00-13-D.

WHEREFORE, Defendant AT&T hereby removes Cause No. 00-13-D from the 105th Judicial District Court, Nueces County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division, and prays for such other and further relief, at law and in equity, to which it may show itself justly entitled.

7

Respectfully submitted,

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

By: _Paula W. Hinton /by Thomas Bevilacqua_
     Paula W. Hinton
     Attorney-in-Charge
     State Bar No. 09710300
     Southern District of Texas No. 6283
     Thomas M. Bevilacqua
     Of Counsel
     State Bar No. 00793342
     State Bar of Texas No. 20377
     1900 Pennzoil Place-South Tower
     711 Louisiana Street
     Houston, Texas  77002
     (713) 220-5800 Telephone
     (713) 236-0822 Telecopier

**ATTORNEYS FOR DEFENDANT**
**AT&T CORP.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 28th day of January 2000, a true and correct copy of the foregoing Defendant AT&T Corp.'s Notice of Removal is being sent by Federal Express overnight delivery to the following counsel of record in this matter:

David T. Burkett
Burkett and Associates
538 S. Tancahua
Corpus Christi, Texas 78401

_Thomas M. Bevilacqua_

A

ClickPDF – www.1evins.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **BELINDA CARRILLO,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **AT&T CORP., Individually and d/b/a** | § | |
| **AT&T Cable Services f/k/a TCI Cablevision,** | § | |
| **Defendant.** | § | |

## INDEX OF MATTERS BEING FILED

In effecting the process of Removal of this action from the District Court of
Nueces County, Texas, 105th Judicial District Court, to the United States District Court
for the Southern District of Texas, Corpus Christi Division, the following matters are
being filed:

1.  Civil Action Cover Sheet;

2.  Defendant's Notice of Removal

    Exhibit A: Index of Matters Being Filed

        Attachment 1: Plaintiff's Original Petition
        Attachment 2: Motion for Class Certification
        Attachment 3: Plaintiff's First Amended Original Petition
        Attachment 4: First Amended Motion for Class Certification
        Attachment 5: Nueces County Local Rules of Administration
        Attachment 6: State Court Docket Sheet
        Attachment 7: List of Counsel

Respectfully submitted,

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

By: *Paula W. Hinton / by Bevilacqua*

Paula W. Hinton
Attorney-in-Charge
State Bar No. 09710300
Southern District of Texas No. 6283
Thomas M. Bevilacqua
Of Counsel
State Bar No. 00793342
State Bar of Texas No. 20377
1900 Pennzoil Place-South Tower
711 Louisiana Street
Houston, Texas  77002
(713) 220-5800 Telephone
(713) 236-0822 Telecopier

**ATTORNEYS FOR DEFENDANT
AT&T CORP.**

2

1

ChhPOR www.1ocio.com

CAUSE NO. _____ ∞·13·B

| | | |
|---|---|---|
| BELINDA CARRILLO | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | |
| | * | 105th JUDICIAL DISTRICT |
| A T&T CORP., Individually and | * | |
| dba AT&T CABLE SERVICES | * | |
| f/k/a TCI Cablevison | * | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, BELINDA CARRILLO, Plaintiff, complaining of AT&T CORP., Individually and d/b/a AT&T Cable Services, formerly known as TCI Cablevision, Defendant, and for cause of action would show as follows:

### DISCOVERY PLAN

Discovery is intended to be conducted under Level Two (2) pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### I.

### VENUE

Venue is proper in Nueces County pursuant to Texas Civil Practice and Remedies Code Section 15.035(b) as the county in which the Plaintiff resides.

### II.

### PARTIES

Plaintiff is a resident of Nueces County, Texas and a subscriber of AT&T Cable Services.

AT&T CORP., Individually and d/b/a AT&T Cable Services is a New York corporation authorized to do business in the State of Texas. Said Defendant may be served by serving C.T. Corporation Systems, 811 Dallas Avenue, Houston, Texas 77002.

## III.

## BREACH

Plaintiff is a subscriber to AT&T Cable Services including basic service.  Plaintiff agreed to a monthly charge for the services of basic cable TV.  The Defendants represented that basic cable television included the rebroadcast of KIII Channel 3, the local ABC affiliate.  The Defendants have failed and continue to fail to provide Plaintiff and other subscribers with local ABC programming.  The Defendants charge for services in advance and have already billed Plaintiff for full basic cable service, including the local ABC affiliate.  Plaintiff has already paid Defendants for these services.  Therefore, the Defendants are in breach of its agreement to provide such ABC service.

Approximately 85,000 households in the Corpus Christi area share similar claims with the Plaintiff.  Plaintiff and the other 85,000 households hold a common claim against Defendants for their failure to provide local ABC coverage.  The Plaintiff named herein adequately represents the class and Plaintiff's counsel is competent to bring this action.  Plaintiff intends to ask the Court for class certification.

## IV.

## STATUTORY AUTHORITY

This suit is brought in part pursuant to TEX. BUS. & COM. CODE § 17.41 et seq., commonly known as the Deceptive Trade Practices and Consumer Protection Act and cited in this petition as the "DTPA."

Defendant represented that they would provide the ABC local affiliate.   Such representations were relied upon by the Plaintiff.   Such representation was false resulting in the below described damages to the Plaintiff.   The Defendants' action constitute a violation of the Deceptive Trade Practices Act.

As a proximate and producing cause of Defendants' breaches as stated above, Plaintiff has sustained a current loss of at least $9.79 plus taxes and fees and will continue to suffer such losses so long as the Defendants remain in breach.

## IV.

## ATTORNEY'S FEES

As a result of the Defendants failure, it was necessary to retain the undersigned to collect such damages and Plaintiff requests judgment for reasonable  and necessary attorneys' fees.

All of Plaintiff's damages are in an amount within the minimum jurisdictional limits of this Court.  Plaintiff affirmatively pleads that they seek only monetary relief aggregating $50,000.00 or more, excluding costs, pre-judgment interest, and attorney's fees.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, BELINDA CARRILLO, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for actual damages and attorneys' fees, and all statutory additional [or exemplary] damages as set forth above, costs of court, and prejudgment and post-judgment interest at the highest lawful rates and for such other and further relief to which the Plaintiff may be entitled at law or in equity.

3

CutePDF - www.fasttia.com

RESPECTFULLY SUBMITTED,

BURKETT AND ASSOCIATES
538 S. Tancahua
Corpus Christi, Texas 78401
(512) 882-8822
(512) 883-0733  Facsimile

BY: _____
    DAVID T. BURKETT
    State Bar No. 03410500

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

4

2

## CAUSE NO. 00-13-D

| | | |
|---|---|---|
| BELINDA CARRILLO | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | |
| | * | 105th JUDICIAL DISTRICT |
| A T&T CORP., Individually and | * | |
| dba AT&T CABLE SERVICES | * | |
| f/k/a TCI Cablevison | * | NUECES COUNTY, TEXAS |

### MOTION FOR CLASS CERTIFICATION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff moves the Court to certify Plaintiff as class representative pursuant to Rule 42 of the Texas Rules of Civil Procedure and that this litigation proceed as a class action. In support of this Motion Plaintiff would show:

#### I.

Movant, Belinda Carrillo is a subscriber to AT&T Cable Services and has standing to sue Defendants for their breach of contract and misrepresentations as detailed in Plaintiff Original Petition.   The Movant brings this action on her own behalf and on behalf of all persons similarly situated.  The class which Movant seeks to represent is composed of all persons who subscribe to AT&T Cable Services and who were provided transmission of the local ABC affiliate, KIII.

#### II.

The persons in the class are so numerous consisting of 85,000 households that joinder of all members is impracticable.

**III.**

There are common questions of law of fact affecting the class and these questions include whether the Defendants violated its contract or whether the Defendant is guilty of misrepresentation or the Texas Deceptive Trade Practices Act.

**IV.**

The claims of the Movant are typical of the claims of the rest of the class in that each are subscribers to AT&T Cable Services.

**V.**

Belinda Carrillo will fairly and adequately represent the interest of the class.   In support of this proposition, Movant shows:

1.      Movant is a member of the proposed class;

2.      Movant has expressed interest in representing the class;

3.      Movant is willing to pay the costs of notice and litigation;

4.      Movant has hired David T. Burkett who is board certified in personal injury litigation, Texas Board of Legal Specialization; and

5.      Movant has no interest adverse to other members of the class.

**VI.**

The prosectuion of separate suits by individual members of the class will create a risk of inconsistent adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

2

CHMPDF - www.fastio.com

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the Court to set

this matter for hearing as soon and practicable and grant class certification as prayed for

in this Motion.

RESPECTFULLY SUBMITTED,

BURKETT AND ASSOCIATES
538 S. Tancahua
Corpus Christi, Texas 78401
(512) 882-8822
(512) 883-0733  Facsimile


BY:_____
DAVID T. BURKETT
State Bar No. 03410500

3

3

CitizPDF - www.fastio.com

CAUSE NO. 00-13-D

| | | |
|---|---|---|
| BELINDA CARRILLO | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | |
| | * | 105 TH JUDICIAL DISTRICT |
| A T&T CORP., Individually and | * | |
| dba AT&T CABLE SERVICES | * | |
| f/k/a TCI Cablevison | * | NUECES COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, BELINDA CARRILLO, Plaintiff, complaining of AT&T CORP., Individually and d/b/a AT&T Cable Services, formerly known as TCI Cablevision, Defendant, and for cause of action would show as follows:

### DISCOVERY PLAN

Discovery is intended to be conducted under Level Two (2) pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### I.

### VENUE

Venue is proper in Nueces County pursuant to Texas Civil Practice and Remedies Code Section 15.035(b) as the county in which the Plaintiff resides and it is the county where the contract between the parties is performable.

### II.

### PARTIES

Plaintiff is an individual and a resident of Nueces County, Texas. Plaintiff is a subscriber of AT&T Cable Services.

AT&T CORP., Individually and d/b/a AT&T Cable Services is a New York corporation authorized to do business in the State of Texas. Said Defendant may be served by serving C.T. Corporation Systems, 811 Dallas Avenue, Houston, Texas 77002.

**III.**

**BREACH**

Plaintiff is a subscriber to AT&T Cable Services including "basic service". Plaintiff agreed to pay a monthly charge for the services of basic cable TV. The Defendants represented that basic cable television included the rebroadcast of KIII Channel 3, the local ABC affiliate. The Defendants have failed and continue to fail to provide Plaintiff and other subscribers with local ABC programming. The Defendants charge for services in advance and have already billed Plaintiff for basic cable service, including the local ABC affiliate. Plaintiff has already paid Defendants for services for the month of January, 2000. Therefore, the Defendants are in breach of its agreement to provide such ABC service.

**IV.**

Approximately 85,000 households in the Corpus Christi area share similar claims with the Plaintiff. Plaintiff and the other 85,000 households hold a common claim against Defendants for their failure to provide local ABC coverage. The Plaintiff named herein adequately represents the class of people with similar claims and Plaintiff's counsel is competent to bring this action. Plaintiff intends to ask the Court for class certification.

**V.**

As a proximate and producing cause of Defendants' breaches as stated above, Plaintiff has sustained a loss of $11.03, the cost of basic service including fees and taxes. The Plaintiff's

2

actual damages are within the jurisdictional limits of this Court, but do not exceed $20.00 per person.

## VI.

### ATTORNEY'S FEES

As a result of the Defendants failure, it was necessary to retain the undersigned to collect such damages and Plaintiff requests judgment for reasonable  and necessary attorneys' fees. The individual Plaintiff's total claim will not exceed $75,000.00.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, BELINDA  CARRILLO, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for actual damages and attorneys' fees as set forth above, costs of court, and prejudgment and post-judgment interest at the highest lawful rates and for such other and further relief to which the Plaintiff may be entitled at law or in equity.

RESPECTFULLY SUBMITTED,

BURKETT AND ASSOCIATES
538 S. Tancahua
Corpus Christi, Texas 78401
(512) 882-8822
(512) 883-0733  Facsimile

BY:

DAVID T. BURKETT
State Bar No. 03410500

### PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

3

4

**CAUSE NO. 00-13-D**

| | | |
|---|---|---|
| BELINDA CARRILLO | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | |
| | * | 105ᵀᴴ JUDICIAL DISTRICT |
| A T&T CORP., Individually and | * | |
| dba AT&T CABLE SERVICES | * | |
| f/k/a TCI Cablevison | * | NUECES COUNTY, TEXAS |

## FIRST AMENDED MOTION FOR CLASS CERTIFICATION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff moves the Court to certify Plaintiff as class representative pursuant to Rule 42 of the Texas Rules of Civil Procedure and that this litigation proceed as a class action. In support of this Motion Plaintiff would show:

### I.

Movant, Belinda Carrillo is a subscriber to AT&T Cable Services and has standing to sue Defendants for their breach of contract as detailed in Plaintiff Original Petition. The Movant brings this action on her own behalf and on behalf of all persons similarly situated. The class which Movant seeks to represent is composed of all persons who subscribe to AT&T Cable Services and who were provided transmission of the local ABC affiliate, KIII.

### II.

The persons in the class are so numerous consisting of 85,000 households that joinder of all members is impracticable.

CLERK U.S. DISTRICT COURTS
NUECES COUNTY, TEXAS
BY _____ DPTY

2000 JAN -4  A 10: 19

## III.

There are common questions of law of fact affecting the class and these questions including whether the Defendants violated its contract.

## IV.

The claims of the Movant are typical of the claims of the rest of the class in that each are subscribers to AT&T Cable Services.

## V.

Belinda Carrillo will fairly and adequately represent the interest of the class.  In support of this proposition, Movant shows:

    1.       Movant is a member of the proposed class;

    2.       Movant has expressed interest in representing the class;

    3.       Movant is willing to pay the costs of notice and litigation;

    4.       Movant has hired David T. Burkett who is board certified in personal injury litigation, Texas Board of Legal Specialization; and

    5.       Movant has no interest adverse to other members of the class.

## VI.

The prosectuion of separate suits by individual members of the class will create a risk of inconsistent adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

2

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the Court to set this matter for hearing as soon and practicable and grant class certification as prayed for in this Motion.

RESPECTFULLY SUBMITTED,

BURKETT AND ASSOCIATES
538 S. Tancahua
Corpus Christi, Texas 78401
(512) 882-8822
(512) 883-0733  Facsimile


BY:
DAVID T. BURKETT
State Bar No. 03410500

3

5

# IN THE SUPREME COURT OF TEXAS

### Misc. Docket No. 96-__9261____

---

## APPROVAL OF NUECES COUNTY
## LOCAL RULES OF ADMINISTRATION

---

**ORDERED:**

Pursuant to Rule 3a of the Texas Rules of Civil Procedure, the Supreme Court of Texas approves the following local rules:

Nueces County Local Rules of Administration, applicable to the District Courts and County Courts at Law of Nueces County.

The approval of these rules is temporary, pending further orders of the Court.

Page 1 of 2

CIMPDF - www.fesite.com

SIGNED AND ENTERED this _11th_ day of ___December___ , 1996

Thomas R. Phillips, Chief Justice

Raul A. Gonzalez, Justice

Nathan L. Hecht, Justice

John Cornyn, Justice

Craig T. Enoch, Justice

Rose Spector, Justice

Priscilla R. Owen, Justice

James A. Baker, Justice

Greg Abbott, Justice

Misc. Docket No. 96 - **9261**          Page 2 of 2

**NUECES COUNTY**

**LOCAL RULES OF ADMINISTRATION**

## RULE 1:    APPLICATION:

These rules shall apply to civil and criminal cases pending before the courts of Nueces County and to District Courts and County Courts at Law.

It is not the intent of these rules to impinge on the authority or jurisdiction of any Judge or Court established by the Constitution or the Statutes of this State or the Supreme Court of Texas.

## RULE 2:    ASSIGNMENT OF CASES:

### DISTRICT COURTS:

(A) District Court civil cases shall be assigned by the District Clerk at random in the following proportions: The 28th, 94th, 117th, 148th, 214th, 319th, and 347th District Courts shall each receive 2/15 of the cases and the 105th District Court shall receive 1/15 of the cases.

(B) District Court criminal cases shall be assigned by the District Clerk at random in the following proportions: The 28th, 94th, 105th, 117th, 148th, 214th, 319th, and 347th District Courts shall each receive 1/8 of the cases.

### COUNTY COURTS AT LAW:

(C) County Court at Law civil cases not within the concurrent jurisdiction of the District Courts shall be assigned by the Court Clerk to County Courts at Law No's 1, 2, 3, and 4 at random and in equal numbers. The District Clerk shall assign only those cases styled "In the County Court at Law" of concurrent jurisdiction with the District Court to County Courts at Law No.'s 1, 2, 3, and 4 at random and in equal numbers.

(D) County Court at Law criminal cases shall be assigned by the County Clerk to County Courts at Law No.'s 1, 2, 3, and 4 at random and in equal numbers.

### CONCURRENT JURISDICTION:

(E) Civil cases within the concurrent jurisdiction of the District Courts and the County Courts-at-Law, as set out in Sec. 25.1802, **TEXAS GOVERNMENT CODE**, as amended effective September 1,

1

1995, shall be filed with the District Clerk. At the time of filing, the pleadings shall state whether the case is to be filed in a District Court or County Court at Law. The District Clerk shall assign such cases to the courts in the proportions and in the manner set out herein. Only those cases styled "In the District Court" shall be assigned to the District Courts and only those cases styled "In the County Court at Law" shall be assigned to the County Courts at Law.

## ELECTRONICALLY TRANSMITTED PLEADINGS AND DOCUMENTS

(F)   Pleadings and documents may be filed by electronic transmission with the appropriate District or County Court Clerk, and shall be recognized and treated as originals, subject to 51.806 (b), TEXAS GOVERNMENT CODE.

The District and County Clerks shall separately maintain such pleadings and documents received, subject to transfer.

Filing with one Court Clerk does not effect filing with the other.   Pleadings or documents electronically transmitted for filing must be addressed to the Clerk appropriate for the case or procedure.   Neither the District nor the County Clerk nor their employees shall be responsible for the misfiling of such pleadings or documents, nor for incomplete transmissions.

It shall be incumbent upon the sender to personally review court and clerk's files to insure the integrity or existence of electronically transmitted pleadings or documents.

The Court Clerk shall file stamp such pleadings and documents in the same manner as original papers are handled, on the next business day, showing the actual time received.

Senders of electronically transmitted pleadings or documents must maintain or file the originals, as required by law.

A cover sheet shall accompany such transmissions, identifying the sender, the case in which the pleadings or documents are to be filed, the nature of the pleadings or documents, the number of pages being transmitted including the cover sheet, and any special filing, service or dispositional instructions.

Returns of service and bonds may not be filed electronically. The originals must be filed with the Clerk for placement in the Court file.

Court costs and fees for such filings are due when the pleading is received and may be paid in cash, (credit card), check or money order, or may be credited against court costs posted in advance by a party; but filing fees must be paid or accessed against a credit card not later than 7 days of the filing.

2

A plan for the filing of pleading and documents is adopted contemporaneous with this rule and is incorporated herein by reference for all purposes, subject to revision by these Courts.

**RULE 3:   TRANSFER OF CASES WITHIN THE COURTS:**

(A) Whenever any pending case is related to another case pending, dismissed, non-suited, or disposed of by another Court the Judge of either Court, acting as judge of either Court shall, upon motion (including the Court's own motion) and notice, transfer the case to the Court in which the earlier case was filed to facilitate the orderly and efficient disposition of the litigation.

The following types of cases shall be subject to transfer under this rule, but this listing is not exclusive and is given by way of example only:

(1) Any case arising out of the same transaction or occurrence as did an earlier case, particularly if the earlier case was dismissed for want of prosecution or voluntarily dismissed by Plaintiff at any time before final judgment;

(2) Any case involving one or more of the same parties as an earlier filed case and requiring a determination of any of the same questions of fact or of law as those involved in the earlier case;

(3) Any case involving a plea that a judgment in the earlier filed case is conclusive of any of the issues of the later case by way of res judicata or estoppel by judgment, or any pleading that requires a construction of the earlier signed judgment or a determination of its effect;

(4) Any suit concerning the duty of an insurer to defend;

(5) Whenever a case is transferred to Nueces County by a court of another county, it shall be assigned in the manner specified by these Rules.

(6)   Regardless of which case was filed first, any suit affecting the parent-child relationship shall be transferred to the Court in which a divorce action involving the parties named in the suit affecting the parent-child relationship is pending.

(B) Every motion for consolidation or joint hearing of two or more cases under Rules 39, 40, 41, and 174 (a), **TEXAS RULES OF CIVIL PROCEDURE**, shall be filed in the earliest case filed.

(C) No civil case may be transferred from a District Court to a County Court at Law, or from a County Court at Law to a District Court without the prior consent of the parties and receiving court.

3

## RULE 4:   PRE-TRIAL PROCEDURES:

Settings for any matter to be heard by the Court shall be obtained from the Court Coordinator.

Docket control conferences, pre-trial conferences, and hearings shall be attended by the attorney for the party who is authorized to act for the party in taking those actions listed in Rule 166, **TEXAS RULES OF CIVIL PROCEDURE**.

The Court Pre-Trial Order shall reflect action taken at any pre-trial conference which order shall control the proceedings until the matter is finally disposed of or modified by the Court.

## RULE 5:   SEVERANCE:

Causes severed shall be assigned a new case number in the same Court in which the case was originally filed (or in the same Court where the severance was granted).

## RULE 6:   TEMPORARY, EMERGENCY, AND EX PARTE ORDERS:

(A) Except in emergencies when the Clerk's office is not open for business, no applications for immediate or temporary relief shall be presented to a Judge until it has been filed and assigned to a Court as provided in these Rules. If the Judge of the Court to which such case is assigned is absent or is occupied with other matters, such application may be assigned by the Local Administrative Judge to any Judge who may sit for the Judge of the Court in which the case is pending and shall make all orders, writs, and process returnable to that Court. Hearings on applications for temporary injunctions, temporary receiverships, and the like shall be set in the Court to which the case has been assigned.

(B) All applications for ex parte relief shall state, and it shall be brought to the attention of the Court, whether, within the knowledge of the applicant, the opposing party is represented by counsel, who shall be allowed to appear if practicable. The party requesting such temporary relief shall be present in Court at the time such relief is requested to offer testimony, if necessary, unless the Court finds that such presence is not necessary.

(C) Parties requesting ex parte temporary restraining orders in family law cases shall present evidence, under oath, by affidavit or live testimony, supporting each matter for which relief is requested.

4

(D) Whenever immediate action of a Judge is required in an emergency when the Clerk's Office is not open for business, the case shall, nevertheless, at the earliest practicable time be docketed and assigned to a Court as provided by these Rules and all writs and process shall be returnable to that Court. If the Judge of such Court is not available at the time set, the appropriate local Administrative Judge may designate any Judge having jurisdiction to hear the application for relief.

## RULE 7: SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION:

Counsel and litigants are urged to resolve their differences and to utilize alternative dispute resolution at the earliest opportunity in proceedings.

Non judicial resolutions shall not be used to delay scheduled proceedings. Parties may agree to such delays if there is a reasonable expectation the case will be settled.

The Court shall, at least once a year, set aside a period of time for the referral of cases to alternative dispute resolution, and shall refer by order such cases the Court believes may settle.

The Court Coordinator shall be advised as soon as practicable of any settlement, so that the case may be removed from the docket and that the attention of the Court may be turned to other cases.

Attorneys of record, in civil cases, shall timely notify their clients of the availability of alternative dispute resolution procedure as provided in Sec. 154.021, **TEXAS CIVIL PRACTICE AND REMEDIES CODE**.

The parties may agree upon a procedure and the name of the impartial third party or parties to implement the procedure; however, in the absence of such agreement the Court may, on its own motion, and upon notice and hearing, designate a procedure and name the impartial third party or parties.

## RULE 8: UNCONTESTED CASES AND MOTIONS:

The settlement of cases and motions is encouraged.

Uncontested matters shall be given priority and heard first on the Court's docket each day.

## RULE 9: BANKRUPTCY, SUGGESTION OF DEATH, ABATEMENT, SUSPENSE DOCKET IN CIVIL CASES:

The Clerk is to immediately give actual notice to the Court Coordinator or the Judge of the Court of any suggestion of death or information concerning bankruptcy proceedings.

In situations where the Court determines there is a valid and compelling reason not to dismiss the case for want of prosecution, or it is necessary to abate the proceedings, the case may be transferred to the Suspense Docket of the Clerk's Office, subject to later assignment to the Court where it was originally assigned, when it becomes appropriate to set the case for trial.

## RULE 10: FEES FOR INDIGENT REPRESENTATION:

Counsel appointed to represent indigents shall be paid a fee in accordance with the schedule adopted by the Judges of County Courts at Law and District Courts. Counsel shall complete and file such request for compensation on a standardized application form adopted by the County Courts-at-Law and District Courts.

## RULE 11: CRIMINAL CASES; ASSIGNMENT OF RELATED PROSECUTIONS

(A) After random assignment, the Clerk shall reassign any new indictment or information in a Felony case to the Court having a lower pending cause number on the same defendant.

(B) After random assignment, the Clerk shall reassign any new complaint in a Misdemeanor case to the Court having a lower pending cause number on the same defendant.

(C) When an indictment or information in a Felony case is dismissed, the Clerk shall assign any subsequently filed indictment or information of the same cause against the same Defendant, to the Court in which the prior indictment or information was assigned.

(D) When a complaint in a Misdemeanor case is dismissed, the Clerk shall assign any subsequently filed information or complaint of the same cause against the same Defendant, to the Court in which the prior complaint was assigned.

## RULE 12: ABATEMENT IN CRIMINAL CASES:

In situations where the Court determines that there is a compelling reason to abate the proceedings, the case may be transferred to the Suspense Docket of the Clerk's Office, subject to later reassignment to the Court where it was originally assigned.

6

## RULE 13:   SUBSTITUTION OF/WITHDRAWAL OF COUNSEL IN CRIMINAL/CIVIL CASES:

Counsel wishing to substitute in, or withdraw from, representation in a civil or criminal case shall comply with **TEXAS RULE OF COURT 10** and shall obtain the Court's written permission to do so. In the absence of good cause, such actions shall not be grounds for continuance nor delay of proceedings.

## RULE 14:   IMPANELING JURIES:

The Local Administrative District Judge of the County, or the District Judge Designate, shall preside over the qualifications of petit jurors and the assignment of jury panels to the various courts, pursuant to the plan on file with the District Clerk.

## RULE 15:   JUDICIAL VACATIONS/EDUCATIONAL EVENTS:

Judicial vacations and educational events will be scheduled in advance by each Judge, with due consideration for vacation and educational schedules of other Judges, subject to changed conditions, and when possible, notice thereof is to be filed with the appropriate Local Administrative Judge, to facilitate the scheduling of visiting Judges.

## RULE 16:   MEETINGS OF THE JUDGES OF THE COUNTY:

The Local Administrative District Judge and the Local Administrative County Court at Law Judge shall call meetings at least monthly for the purpose of transacting judicial business. These meetings may be held jointly.

## RULE 17: COURT STAFF:

The Local Administrative District Judges (Presiding Judges) shall supervise the office of Court Administrator, and shall be responsible for administrative matters peculiar to the Courts, including case flow procedures and operations of the Court Administrator/coordinator management program.

Each Judge shall control the employees of the Court over which he or she presides, including those (adjunct employees/belonging to other departments), such as the clerk, rendering services directly to the particular court.

Court Staff includes the Court coordinator, bailiff, court reporter(s), and such other staff necessary to support the particular Court; and who shall serve at the pleasure of the Judge

7

of the particular Court. Court Staff shall perform duties assigned them by the Judge, or with the consent of the particular Judge, by the Court Administrator or Local Administrative Judge. Court Staff shall not perform judicial functions.

### RULE 18:   CONDUCT AND DECORUM OF ATTORNEYS BEFORE THE COURT:

Each Judge shall be responsible for maintaining proper decorum in his or her Court.

(A) In addressing the Court, counsel shall rise and remain standing at their positions at counsel table. They shall not approach the bench except with permission of or on request of the Court.

(B) Counsel or the parties shall not lean on the Bench, sit on rails or tables, or appear to engage the Court in a confidential manner.

(C) Counsel in attendance of Court shall dress in a dignified and professional manner.

(D) Counsel shall advise their clients and witnesses of the formalities of the Court and appropriate attire.

(E) Counsel, the Judge, and all other officers of the Court shall be prompt at all sessions ánd in the dispatch of all Court business.

(F) All counsel are admonished to respect the letter and the spirit of all applicable rules or codes of professional responsibility, including, particularly those dealing with discussion of cases with the Court outside the Courtroom and not in the presence of opposing counsel. The Court shall enforce the same by appropriate action.

(G) All remarks of counsel to the Court shall be addressed to the Court and not to the Judge as an individual.

(H) Once counsel has entered the Courtroom and appeared before the Court, he or she shall not leave without obtaining permission from the Court.

(I) While Court is in session, there shall be:

(1) No smoking or use of other tobacco products;

(2) No reading of newspapers or magazines;

(3) No propping of feet on tables or chairs;

8

(4) No loud noises or talking;

(5) No gum chewing.

## RULE 19:   CAMERAS IN COURT

(A) Except for ceremonies and judicial investitures, cameras, televising, video transcriptions, recordings and broadcasting of proceedings are prohibited:

(1) in or near court spaces on the 3rd and 4th floors (Central Jury Room, Court Administrator's Office and Court Master's Court);

(2) in the halls and common spaces of the Courts on the 2nd, 7th, 8th and 9th floors of the Courthouse; and in or near premises of the Juvenile Justice Center.

(B) The Judge of each trial court on the 7th, 8th and 9th floors shall determine whether proceedings in the courtroom shall be photographed, televised, video taped, recorded or broadcast, following Rule 18(c), and guidelines published by the Supreme Court of Texas, and including the consent of jurors, parties, witnesses, and attorneys.

9

# ADOPTION OF RULES

These rules are adopted by the District Court and County Court at Law Judges of Nueces County, Texas. on the 3rd day of October, 1996, and forwarded to the Texas Supreme Court for approval on the _____ day of _____, 1996.


HILDA TAGLE
NUECES COUNTY ADMINISTRATIVE DISTRICT
 COURT JUDGE
 148TH DISTRICT COURT
 NUECES COUNTY, TEXAS

ROBERT VARGAS
NUECES COUNTY ADMINISTRATIVE
COUNTY COURT AT LAW JUDGE
NUECES COUNTY COURT AT LAW NO. 1
NUECES COUNTY, TEXAS



# Nueces County

**DISTRICT COURTS**
**COUNTY COURTS AT LAW**

**OSCAR SOLIZ / DISTRICT CLERK**

P.O. BOX 2987 / CORPUS CHRISTI, TEXAS 78403
AREA CODE 512 888-0450  FAX: 512 888-0571



FILED FOR RECORD

FEB 1  4 38 PM '93

COUNTY C...

## NOTICE OF ORDER

## AMENDING RULE 2 OF THE

## NUECES COUNTY LOCAL RULES.

## (ASSIGNMENT OF CASES)

**Oscar Soliz, District Clerk**
**District and County Court-At-Law Courts**

THIS NOTICE WAS POSTED BY THE UNDERSIGNED ON _____
AT _____ O'CLOCK P.M. AT THE COURTHOUSE DOOR IN CORPUS
CHRISTI, TEXAS



# Nanette Hasette
### 28th District Court Judge
### Nueces County Courthouse

LINDA MARIE HARRISON
COURT COORDINATOR
(512) 888-0506

January 29, 1999

## N O T I C E

Re: Amended Local Rules Concerning
Non-family Civil Cases and Criminal
Cases pending in the 117th Judicial District

Pursuant to Tex. R. Civ. P. 3a, the attached Order Amending Rule 2 of the Nueces County Rules is being posted for the local bar for 30 days. This Rule will become effective after 30 days notice and approval by the Supreme Court.

The notice of the Order Amending Rule 2 of the Nueces County Rules will be posted at the Courthouse door, the District Clerk's Office located on the third floor and also at the door and bulletin board of each District Court.

Nanette Hasette
Local Administrative District Judge

# IN THE DISTRICT COURTS
# OF NUECES COUNTY, TEXAS

Misc. Order No. 99-_____

# ORDER AMENDING RULE 2 OF THE
# NUECES COUNTY LOCAL RULES

At a duly convened meeting of the Local Council of District Judges of Nueces County, Texas

held on January 21, 1999, said Council adopted the following amendment to Rule 2 of the Local Rules of

Administration of Nueces County providing for the assignment of cases in the District Courts of Nueces

County, as follows:

Section 1. Rule 2 is amended to read as follows:

"**RULE 2**: **ASSIGNMENT OF CASES**:

**DISTRICT COURTS**:

(A) (1) **Non-Family Civil Cases**

(a) The District Clerk shall randomly assign all non-family civil cases filed on or after

January 1, 1999, in the District Courts in the following proportions: Seven forty-fifths

(7/45th) to each of the 28th, 94th, 319th, 148th, 214th and 347th District Court; three forty-

fifths (3/45th) to the 105th District Court; and zero (0) to the 117th District Court.

(b) The District Clerk shall reassign non-family civil cases from the 117th District Court to

the District Courts in the following proportions:  one-sixth (1/6th) to the 28th, 94th, 319th,

148th, 214th and 347th District Courts.

### (2) Family Civil Cases

The District Court family civil cases shall be assigned by the District Clerk at random in the following proportions: two-fifteenths (2/15th) to each of the 28th, 94th, 117th, 319th, 148th, 214th and 347th; and one-fifteenth (1/15th) to the 105th District Court.

### (B) Criminal Cases

(1) The District Clerk shall randomly assign all criminal cases filed on or after January 1, 1999, in the District Courts the following proportions: seven forty-eighths (7/48th) to each of the 28th, 94th, 319th, 148th, 214th and 347th District Courts; six forty-eighths (6/48) to the 105th District Court; and zero (0) to the 117th District Court.

(2) The District Clerk shall randomly reassign all criminal cases pending in the 117th District Court in the following proportions: one-sixth (1/6th) to the 28th, 94th, 319th, 148th, 214th and 347th District Courts.

### (C) Juvenile Cases

The 117th District Court shall hear all juvenile cases pending on or filed after January 1, 1999.

Section 2. This Order is effective upon approval of the Supreme Court.

Signed on the 28th day of January, 1999, by the Council of District Judges of Nueces County, Texas.

_____
NANETTE HASETTE
JUDGE, 28TH JUDICIAL DISTRICT

_____
JACK E. HUNTER
JUDGE, 94TH JUDICIAL DISTRICT

_____
J. MANUEL BANALES
JUDGE, 105TH JUDICIAL DISTRICT

_____
ROBERT M. BLACKMON
JUDGE, 117TH JUDICIAL DISTRICT

2

ROSE VELA
JUDGE, 148TH JUDICIAL DISTRICT

MARTHA HUERTA
JUDGE, 319TH JUDICIAL DISTRICT

MIKE WESTERGREN
JUDGE, 214TH JUDICIAL DISTRICT

JOAQUIN VILLARREAL, III
JUDGE, 347TH JUDICIAL DISTRICT

3

6



RUN DATE 01/19/2000
RUN TIME 11 40 AM

* * * CLERK'S ENTRIES *

CARRILLO, BELINDA
vs
A T & T CORP., INDV & D/B/A

* * * DOCKET ENTRIES * * *

* * * DOCUMENTS FILED * * *

01/03/2000  ORIGINAL PETITION FILED
01/03/2000  NO REQ FOR SVC SHEET/FF
01/03/2000  MTN FOR CLASS CERTIFICATION/FF
01/03/2000  CITATION (NPDC) (PU) A T & T CORP.,
01/03/2000  SERVED.
01/03/2000  PLT'S 1ST AMD ORIG PTN/MM (FFS)
01/04/2000  CITATION (NPDC) (PU) A T & T CORP.
01/04/2000  SERVED
01/04/2000  1ST AMD MTN F CLASS CERTIFICATION/MM

FILED
01/03/2000

PAGE 001
00-00013-00-0-D

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **BELINDA CARRILLO,**<br>        **Plaintiff,** | §<br>§<br>§ | |
| **v.** | §<br>§ | **CIVIL ACTION NO. _____** |
| **AT&T CORP., Individually and d/b/a**<br>**AT&T Cable Services f/k/a TCI Cablevision,**<br>        **Defendant.** | §<br>§<br>§<br>§ | |

## <u>LIST OF COUNSEL</u>

| <u>PARTY</u> | <u>ATTORNEYS</u> |
|---|---|
| Plaintiff:<br>Belinda Carrillo | Burkett and Associates<br>David T. Burkett<br>State Bar No. 03410500<br>538 S. Tancahua<br>Corpus Christi, Texas 78401<br>Telephone: (512) 882-8822<br>Facsimile: (512) 883-0733 |
| Defendant:<br>AT&T Corp. | Akin, Gump, Strauss, Hauer & Feld, L.L.P.<br>Paula W. Hinton<br>Attorney-in-Charge<br>State Bar No. 09710300<br>Southern District No. 6283<br>Thomas M. Bevilacqua<br>Of Counsel<br>State Bar No. 00793342<br>Southern District No. 20377<br>1900 Pennzoil Place, South Tower<br>711 Louisiana Street<br>Houston, Texas 77002<br>Telephone: (713) 220-5800<br>Facsimile: (713) 236-0822 |

**ATTACHMENT 7**