IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

APR - 4 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| BOBBIE K. ZAPALAC | § | |
| | § | |
| V. | § | C.A. NO.  C-00-137 |
| | § | |
| KENNETH S. APFEL, COMMISSIONER | § | |
| OF SOCIAL SECURITY | § | |

## ORDER OF REFERENCE TO MAGISTRATE JUDGE

This case is referred to United States Magistrate Judge B. Janice Ellington, who shall

prepare this case for decision by the district judge assigned to this case.  28 U.S.C. § 636.  On

dispositive matters where decision of a district judge is necessary, the magistrate judge shall make

recommendations to the district judge promptly with notice to the parties.

ORDERED this _____31_____ day of _____March_____, 2000.

_____
HAYDEN W. HEAD, JR.
UNITED STATES DISTRICT JUDGE

interruption in Plaintiff's cable television service, AT&T Corp. is an entity which has never before had and which presently does not have any direct involvement in the provision of cable television services in the Corpus Christi, Texas area.  Affidavit of Jerome J. Kashinski ¶ 7 ("Exhibit A").  Moreover, AT&T Corp. does not now transact and has never transacted business under the names of, nor has it been known as, AT&T Cable Services or TCI Cablevision.  *Id.* ¶¶ 5, 6.  Because AT&T Corp. had no involvement in the delivery of the cable television service or in the incident made the basis of Plaintiff's suit, Plaintiff has named AT&T Corp. in error.

TCI Cablevision of Texas, Inc. ("TCITI"), a corporation that Plaintiff has *not* named in this suit, is an entity that *does* provide cable television service in the Corpus Christi, Texas area. *Id.* ¶ 9.  TCITI is a Texas corporation with its principal place of business in Texas.  It is an indirect subsidiary of AT&T Corp. that is far-removed from AT&T Corp. in the corporate chain. *Id.*  Without conceding that there is any merit to the claims Plaintiff asserts in her First Amended Original Petition, AT&T Corp. would note that a more appropriate entity for Plaintiff to have named would have been TCITI.  Plaintiff has clearly named the incorrect corporate entity as Defendant in this suit.

Because Plaintiff failed to name as defendant any entity having involvement in the incident made the basis of her suit, and because the only entity Plaintiff named, AT&T Corp., plainly had no involvement, this Court should dismiss Plaintiff's suit pursuant to Federal Rule of Civil Procedure 12(b)(6), without prejudice to allow Plaintiff to timely refile the suit naming appropriate defendants.  Rule 12(b)(6) is an appropriate vehicle under which a party may move to dismiss a suit or a claim when an incorrect party defendant has been named in the suit or on a claim, such as here where Plaintiff has mistakenly named AT&T Corp. *See, e.g., Barhorst v. Marsh*, 765 F. Supp. 995, 997, 999 (E.D. Mo. 1991); *Kuehl v. Gasway Corp.*, 109 F.R.D. 657,

660 (E.D. Wis. 1986); *Lovett v. DeAngelos*, No. C-93-1293-BAC, 1994 WL 69464 (N.D. Cal. 1994); *George v. United States Postal Serv.*, No. 86 Civ. 6949 (LBS), 1989 WL 71162 (S.D.N.Y. 1989). Given the obvious lack of connection between AT&T Corp. and either the delivery of cable television service or the incident made the basis of Plaintiff's First Amended Original Petition, AT&T Corp. respectfully requests that this Court dismiss Plaintiff's suit, in accordance with Federal Rule of Civil Procedure 12(b)(6), without prejudice to Plaintiff to timely refile to name proper defendants. In the alternative, AT&T Corp. requests an order under Federal Rule of Civil Procedure 21 requiring Plaintiff to file within thirty days an Amended Complaint naming TCITI as a Defendant and directing that process be issued and served along with the Amended Complaint upon that entity.

## II.

### In Accordance with Federal Rules of Civil Procedure 12(b)(7) and 19 This Action Should Be Dismissed, As Plaintiff Has Failed To Name a Necessary Party Defendant

AT&T moves to dismiss Plaintiff's First Amended Original Petition without prejudice on the further ground, authorized by Rule 12(b)(7), that Plaintiff has failed "to join a party under Rule 19." FED. R. CIV. P. 12(b)(7). Under Rule 19, "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) *in the person's absence complete relief cannot be accorded among those already parties.*" FED. R. CIV. P. 19(a) (emphasis added). KIII Channel 3 (and/or the corporate entities through which it is operated)[2] is a necessary party to this litigation. In the alternative, AT&T Corp. requests an order under Federal Rule of Civil Procedure 21 requiring Plaintiff to file within thirty days an Amended Complaint naming KIII

---

[2]      *See* Kashinski Affidavit ¶ 17.

Channel 3 as a Defendant and directing that process be issued and served along with the Amended Complaint upon that entity.

Rule 19 is designed to ensure that any judgment rendered provide for complete relief to the existing parties and to prevent repeated lawsuits on the same subject matter. *Temple v. Synthes Corp.*, 498 U.S. 5, 6 (1990) ("[O]ne focus of Rule 19 is the 'interest of the courts and the public in complete, consistent, and efficient settlement of controversies.'" (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1960))); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1013-14 (3d Cir. 1987), *cert. dismissed*, 484 U.S. 1021 (1988); *White Hall Bldg. Corp. v. Profexray*, 387 F. Supp. 1202, 1207 (E.D. Pa. 1974). Without joinder of KIII Channel 3, complete relief cannot be accorded between Plaintiff and AT&T Corp., or the cable system providing Plaintiff cable television service (which Plaintiff will presumably name in the event the Court dismisses this action at the request of AT&T Corp.), as KIII Channel 3 is solely responsible for any temporary interruption Plaintiff experienced in the retransmission of KIII Channel 3 programming by her cable system, as described in detail below.

KIII Channel 3 is a necessary party. As noted, Plaintiff's lawsuit stems from an alleged interruption in the rebroadcast by the local cable system of Corpus Christi ABC network affiliate KIII Channel 3 during January 2000. Rebroadcast of KIII Channel 3 by the local cable system is governed by the Cable Communications Policy Act of 1984, as amended by the Cable Television Consumer Protection and Competition Act of 1992, codified in scattered sections of 47 U.S.C., and by various regulations promulgated by the Federal Communications Commission under the authority of the Act, which are compiled in Title 47 of the Code of Federal Regulations. Kashinski Affidavit ¶ 10.

Title 47 U.S.C. § 534(a) provides, in part, "Each cable operator shall carry, on the cable system of that operator, the signals of local commercial television stations." Cable operators are prohibited, however, by 47 U.S.C. § 325(b)(1) and 47 C.F.R. § 76.64(a) from retransmitting the signal of a commercial broadcasting station such as KIII Channel 3 without first obtaining the "express authority" of that station. Kashinski Affidavit ¶ 11; 47 U.S.C. § 325(b)(1)(A) ("[N]o cable system or other multichannel video programming distributor shall retransmit the signal of a broadcasting station . . . except with the express authority of the originating station."); 47 C.F.R. § 76.64(a) (providing that, subject to certain restrictions, "no multichannel video programming distributor [defined to include a cable operator] shall retransmit the signal of any commercial broadcasting station without the express authority of the originating station").

Federal regulations further provide, at 47 C.F.R. § 76.64(f), that commercial television stations must make an election between gaining carriage on a cable system by retransmission consent or under "must-carry" status (which is defined in the U.S. Code and the C.F.R. and which obviates the need for a retransmission consent). If a commercial television station such as KIII Channel 3 opts to proceed by retransmission consent agreement, FCC regulations provide, at 47 C.F.R. § 76.64(k), that such retransmission consent agreement between the station and the cable operator "shall be in writing and shall specify the extent of the consent being granted." Kashinski Affidavit ¶ 12.

Under federal regulations, 47 C.F.R. § 76.64(f)(1,2), commercial television stations are required to make elections between retransmission consent and must-carry status according to the following schedule: the initial election was to be made June 17, 1993, and subsequent elections were to be made at three-year intervals by October 1 of each third year – in other words, by October 1, 1996, October 1, 1999, and so on. Those elections take effect the

following January 1 – i.e., January 1, 1997, January 1, 2000, and so on.  Kashinski Affidavit ¶ 13.

KIII Channel 3 timely forwarded an election statement by October 1, 1999 indicating its choice to proceed by retransmission consent agreement.  Kashinski Affidavit ¶ 14.  However, KIII Channel 3 did not execute a retransmission consent agreement actually authorizing TCITI to carry KIII Channel 3's programming on its cable system until January 4, 2000.  Kashinski Affidavit ¶ 15.  Thus, as of January 1, 2000, the date on which KIII Channel 3's election should have taken effect under federal regulations, no written retransmission consent agreement was in place relating to the retransmission by TCITI of KIII Channel 3's programming.  As a result, TCITI was prohibited by the statutes and regulations quoted above from retransmitting KIII Channel 3's programming.  KIII Channel 3's failure to timely execute a retransmission consent agreement is the sole cause for the interruption in service described in Plaintiff's First Amended Original Petition.  *Id.*  TCITI recommenced retransmission of KIII Channel 3's programming immediately upon execution of the retransmission consent agreement on January 4.  *Id.*  KIII Channel 3 did not initially execute a retransmission consent agreement because it was unable to agree upon the terms and conditions of the agreement.  Kashinski Affidavit ¶ 16.

In short, then, the failure of KIII Channel 3 to allow TCITI to retransmit its signal precipitated the damages claimed by Plaintiff.  Equity and good conscience require that this lawsuit not proceed in the absence of KIII Channel 3 as a party.  *See Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1312-13 (5th Cir. 1986).  If KIII Channel 3 is not required to be made a party to this action, AT&T Corp. or TCITI will have to subsequently initiate separate litigation involving not only the same general subject matter but also the exact same outage in retransmission alleged in the First Amended Original Petition in order to vindicate its rights vis-à-vis KIII Channel in

light of KIII Channel 3's conduct. *See A.J. Kellos Constr. Co. v. Balboa Ins. Co.*, 495 F. Supp. 408, 414 (S.D. Ga. 1980), *rev'd on other grounds*, 661 F.2d 402 (5th Cir. 1981) ("Rule 19(a)(1) contemplates consummate rather than partial or hollow relief to parties before the court."). In addition to such inefficiency, it would also be inconsistent for liability to be imposed against the AT&T Corp. or TCITI in this suit and then for AT&T Corp. or TCITI to obtain a finding of liability against KIII Channel 3 in a subsequent suit. Moreover, complete relief cannot be granted between AT&T Corp. and Plaintiff in the absence of KIII Channel 3, given the latter entity's complete responsibility for the conduct allegedly causing harm to Plaintiff. The absence of KIII Channel 3 unfairly leaves AT&T Corp. open to the substantial risk of being charged with additional responsibility that is properly attributable to the actions of KIII Channel 3. *See generally Pulitzer-Polster*, 784 F.2d at 1309-10; *Shimkus v. Gersten Cos.*, 816 F.2d 1318, 1322 (9th Cir. 1987). Because KIII Channel 3 is a necessary party herein, and justice cannot be accorded without its participation in this suit, AT&T Corp.'s Motion to Dismiss should be granted.

Finally, joinder of KIII Channel 3 is feasible herein. According to Texas Secretary of State records, KIII Channel 3 is operated by "Texas Television, Inc." (which has the assumed name of "McKinnon Broadcasting Company") and/or "Channel 3 of Corpus Christi, Inc.," both of which are listed in the Secretary of State records as Texas corporations with their principal places of business in Corpus Christi, Texas. Kashinski Affidavit ¶ 17. These entities are thus subject to service of process and personal jurisdiction in Texas. In addition, these entities would suffer no inconvenience from being named in a lawsuit pending in Corpus Christi, the location of their principal places of business. Moreover, requiring Plaintiff to name KIII Channel 3 in a refiled suit will not affect the subject matter jurisdiction of this Court. Although KIII Channel 3

and Carrillo appear to be nondiverse, federal question subject matter jurisdiction exists for the reasons detailed in AT&T's Notice of Removal. *See* Notice of Removal at 5-6.

### III.

### Conclusion

For all of the foregoing reasons, AT&T Corp. respectfully requests that this Court grant its Motion to Dismiss and order the dismissal of Plaintiff's suit without prejudice in accordance with Federal Rules of Civil Procedure 12(b)(6), 12(b)(7), and 19. In the alternative, AT&T Corp. respectfully requests that the Court enter an order pursuant to Federal Rule of Civil Procedure 21 requiring Plaintiff to file an Amended Complaint naming TCITI and KIII Channel 13 as Defendants.

Respectfully submitted,

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

By: _____
Paula W. Hinton
Attorney-in-Charge
State Bar No. 09710300
Southern District of Texas No. 6283
Thomas M. Bevilacqua
Of Counsel
State Bar No. 00793342
Southern District of Texas No. 20377
1900 Pennzoil Place-South Tower
711 Louisiana Street
Houston, Texas 77002
(713) 220-5800 Telephone
(713) 236-0822 Telecopier

**ATTORNEYS FOR DEFENDANT
AT&T CORP.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of February 2000, a true and correct copy of the foregoing Defendant AT&T Corp.'s Motion to Dismiss was sent by Federal Express overnight delivery to the following counsel of record in this matter:

David T. Burkett
Burkett and Associates
538 S. Tancahua
Corpus Christi, Texas 78401

*Thomas M. Beaulacqua*

A

ClibPDF - www.fastio.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **BELINDA CARRILLO,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. C-00-37** |
| | § | |
| **AT&T CORP., Individually and d/b/a** | § | |
| **AT&T Cable Services f/k/a TCI Cablevision,** | § | |
| **Defendant.** | § | |

**AFFIDAVIT**

STATE OF COLORADO          §
                                            §
CITY & COUNTY OF DENVER  §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Jerome J. Kashinski, who, being by me duly sworn on oath deposed and said:

1. My name is Jerome J. Kashinski. I am over eighteen (18) years of age and am fully competent to make this Affidavit. I have personal knowledge of the facts stated in this Affidavit and they are true and correct. I hold the position of Division Counsel with TCI Central, Inc. d/b/a AT&T Broadband Central Division, and I am duly authorized to make this Affidavit on behalf of AT&T Corp.

2. I have reviewed Plaintiff's First Amended Original Petition and the Citation in the above-styled lawsuit. Plaintiff has named as Defendant in this action "AT&T Corp., Individually and d/b/a AT&T Cable Services f/k/a TCI Cablevision."

3. The First Amended Original Petition and the Citation were served upon AT&T Corp. on or about January 10, 2000 through CT Corporation System, AT&T Corp.'s agent for receipt of process in Texas. Attached hereto as Attachment 1 is a true and correct copy of the Citation issued by the District Court of Nueces County, Texas in this lawsuit.

4. AT&T Corp. is a New York corporation with its principal place of business in New Jersey. It is authorized to do business in the State of Texas.

5. AT&T Corp. does not now transact and has never transacted business under the name of, nor has it been known as, AT&T Cable Services.

6. AT&T Corp. does not now transact and has never transacted business under the name of, nor has it been known as, TCI Cablevision.

7. AT&T Corp. is an entity which has never before had and which presently does not have any direct involvement in the provision of cable television service in the Corpus Christi, Texas area.

8. I have reviewed Plaintiff's First Amended Original Petition in this action, and it is apparent that Plaintiff's claims are based in their entirety on Plaintiff's receipt of cable television service in the Corpus Christi, Texas area.  In particular, Plaintiff's First Amended Original Petition is based on an alleged interruption that occurred during January 2000 in the rebroadcast by the local cable system of KIII Channel 3, the local ABC network affiliate in Corpus Christi, Texas.  First Amended Original Petition ¶ III.

9. TCI Cablevision of Texas, Inc. ("TCITI") is an entity that provides cable television service in the Corpus Christi, Texas area.  TCITI is a Texas corporation with its principal place of business in Texas.  TCITI is an indirect subsidiary of AT&T Corp. that is far-removed from AT&T Corp. in the corporate chain.  Plaintiff has thus erred in naming AT&T Corp. as Defendant, as that entity had no involvement in the incident made the basis of the First Amended Original Petition.  Without conceding that there is any merit to the claims Plaintiff asserts in her First Amended Original Petition, I would note that it appears that a more appropriate entity for Plaintiff to have named in the above-captioned lawsuit is TCITI.

10. As noted, Plaintiff's lawsuit stems from an alleged interruption in the rebroadcast by the local cable system of Corpus Christi ABC network affiliate KIII Channel 3 during January 2000.  Rebroadcast of KIII Channel 3 by cable systems is governed by the Cable Communications Policy Act of 1984, as amended by the Cable Television Consumer Protection and Competition Act of 1992, codified in scattered sections of 47 U.S.C., and by various regulations promulgated by the Federal Communications Commission under the authority of the Act, and which are compiled in Title 47 of the Code of Federal Regulations.

11. Title 47 U.S.C. § 534(a) provides, in part, "Each cable operator [such as TCITI] shall carry, on the cable system of that operator, the signals of local commercial television stations [such as KIII Channel 3]."  However, 47 U.S.C. § 325(b)(1) and 47 C.F.R. § 76.64(a) prohibit cable operators from retransmitting the signals of a commercial broadcasting station such as KIII Channel 3 without first obtaining the "express authority" of that station.

12. Federal regulations further provide, at 47 C.F.R. § 76.64(f), that commercial television stations must make an election between gaining carriage on a cable system by retransmission consent or under "must-carry" status (which is defined in the U.S. Code and the C.F.R. and which obviates the need for a retransmission consent).  If a commercial television station such as KIII Channel 3 opts to proceed by retransmission consent agreement, FCC regulations provide, at 47 C.F.R. § 76.64(k),

that such retransmission consent agreement between the station and the cable operator "shall be in writing and shall specify the extent of the consent being granted."

13. Under federal regulations, 47 C.F.R. § 76.64(f)(1,2), commercial television stations are required to make elections between retransmission consent and must-carry status according to the following schedule: the initial election was to be made June 17, 1993, and subsequent elections were to be made at three-year intervals by October 1 of each third year – in other words, by October 1, 1996, October 1, 1999, and so on. Those elections take effect the following January 1 – i.e., January 1, 1997, January 1, 2000, and so on.

14. KIII Channel 3, the ABC affiliate in Corpus Christi, timely forwarded an election statement by October 1, 1999 indicating its choice to proceed by retransmission consent agreement.

15. KIII Channel 3 did not execute a retransmission consent agreement allowing TCITI to carry KIII Channel 3's programming on its cable system until January 4, 2000. Thus, as of January 1, 2000, the date on which KIII Channel 3's election should have taken effect under federal regulations, no written retransmission consent agreement was in place allowing the retransmission by TCITI of KIII Channel 3's programming. As a result, TCITI was prohibited by the statutes and regulations quoted above from retransmitting KIII Channel 3's programming. KIII Channel 3's failure to timely execute a retransmission consent agreement is the sole cause for the interruption in service described in Plaintiff's First Amended Original Petition. TCITI recommenced retransmission of KIII Channel 3's programming immediately upon execution of the retransmission consent agreement on January 4, 2000.

16. KIII Channel 3 did not initially execute a retransmission consent agreement because it was unable to agree upon the terms and conditions of the agreement.

17. According to Texas Secretary of State records, KIII Channel 3 is operated by "Texas Television, Inc." (which has the assumed name of "McKinnon Broadcasting Company") and/or "Channel 3 of Corpus Christi, Inc.," both of which are listed in the Secretary of State records as Texas corporations with their principal places of business in Corpus Christi, Texas.

18. Every statement contained in this Affidavit is within my personal knowledge and is true and correct.

1

## *CITATION*

COPY

### Cause No. 00-13-D

8:30 AM
PRIVATE 1/10/00

THE STATE OF TEXAS

      NOTICE TO THE DEFENDANT. "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 a m on the Monday next following expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To:_____AT&T CORP., Individually and d/b/a
_____AT&T CABLE SERVICES_____
_____By Serving: CT Corportion Systems_
_____811 Dallas Avenue_____
_____Houston, Texas 77002____
Defendant, in the hereinafter styled and numbered cause:

RECEIVED
JAN 1 1 2000
AT&T
LAW DEPT.
0-2100

      You are hereby commanded to appear in the Nueces County Courthouse before the 105" Judicial District Court of Nueces County, Texas, by filing a written answer to the petition of Plaintiff at or before 10 a.m. of the Monday next after the expiration of twenty (20) days after the date of service hereof, a copy of which accompanies this citation, in Cause No. 00-13-D styled

BELINDA CARRILLO
vs.
AT&T CORP., Individually and d/b/a
AT&T CABLE SERVICES, f/k/a TCI CABLEVISION

      Said Plaintiff's Petition was filed in said Court, by ___David T. Burkett___ (attorney for Plaintiff/Plaintiffs), whose address is _535 S. Tancahua, Ste. 100, Corpus Christi, TX 78401___, on the _4th_ day of __January__, A.D., 2000.

      The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof

      The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

      Issued and given under my hand and seal of said Court at office, this ___4th___ day of __January__, 2000.



OSCAR SOLIZ, District Clerk
P.O. Box 2627
Corpus Christi, TX 78403

NOT PREPARED BY
THE DISTRICT CLERK

By: _____Deputy
HERMELINDA MIHOIN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **BELINDA CARRILLO,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. C-00-37** |
| | § | |
| **AT&T CORP., Individually and d/b/a** | § | |
| **AT&T Cable Services f/k/a TCI Cablevision,** | § | |
| **Defendant.** | § | |

## ORDER

On this day the Court considered Defendant AT&T Corp.'s February 4, 2000 Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(7), and 19. After considering the Motion, Plaintiff's Response, and applicable pleadings and evidence, the Court is of the opinion that the Motion is meritorious and should be granted. It is therefore

**ORDERED** that Defendant AT&T Corp.'s February 4, 2000 Motion to Dismiss is **GRANTED**. It is further

**ORDERED** that the above-styled lawsuit is **DISMISSED**. Said dismissal is without prejudice to Plaintiff to refile this action under an amended pleading in accordance with this Court's ruling on AT&T Corp.'s Motion to Dismiss. It is further

**ORDERED** that said dismissal shall become a dismissal with prejudice if Plaintiff fails to re-initiate suit within 30 days of the date on which this Order was signed by filing an amended pleading conforming with Defendant AT&T Corp.'s Motion to Dismiss and this Order. It is further

SIGNED this _____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BELINDA CARRILLO, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-00-37 |
| | § | |
| AT&T CORP., Individually and d/b/a | § | |
| AT&T Cable Services f/k/a TCI Cablevision, | § | |
|     Defendant. | § | |

## ORDER

On this day the Court considered Defendant AT&T Corp.'s February 4, 2000 Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(7), and 19. After considering the Motion, Plaintiff's Response, and applicable pleadings and evidence, the Court is of the opinion that the Motion is meritorious and should be granted. It is therefore

**ORDERED** that Defendant AT&T Corp.'s February 4, 2000 Motion to Dismiss is **GRANTED**. It is further

**ORDERED** that the above-styled lawsuit is **DISMISSED**. Said dismissal is without prejudice to Plaintiff to refile this action under an amended pleading in accordance with this Court's ruling on AT&T Corp.'s Motion to Dismiss. It is further

**ORDERED** that said dismissal shall become a dismissal with prejudice if Plaintiff fails to re-initiate suit within 30 days of the date on which this Order was signed by filing an amended pleading conforming with Defendant AT&T Corp.'s Motion to Dismiss and this Order. It is further

SIGNED this _____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE