**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

United States District Court
Southern District of Texas
FILED

**MAR 1 3 2000**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **BELINDA CARRILLO,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. C-00-37** |
| | § | |
| **AT&T CORP., Individually and d/b/a** | § | |
| **AT&T Cable Services f/k/a TCI Cablevision,** | § | |
| **Defendant.** | § | |

**JOINT REPORT OF THE MEETING AND JOINT DISCOVERY/**
**CASE MANAGEMENT PLAN UNDER RULE 26, FEDERAL**
**RULES OF CIVIL PROCEDURE**

*1.      State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.*

The meeting of the parties took place by teleconference on March 3, 2000 between 9:30 a.m. and 10 a.m.  Counsel participating were:

David T. Burkett[1]
Counsel for Plaintiff Belinda Carrillo

Thomas M. Bevilacqua
Trent T. McKenna
Counsel for Defendant AT&T Corp.

*2.      List the cases related to this one that are pending in any state or federal court, with the case number and court.*

None.

*3.      Briefly describe what this case is about.*

Plaintiff purports to be a subscriber, along with 85,000 other households in the Corpus Christi, Texas area, to cable television service allegedly provided by Defendant.  Plaintiff alleges that Defendant breached a requirement to provide rebroadcast to its cable television subscribers of KIII Channel 3, the Corpus Christi ABC network television affiliate, during a portion of the month of January 2000.  It is alleged that such service was to be provided to

---

[1]      Plaintiff is likely to add a co-counsel in the near future.

051134.0106 HOUSTON 139288 v1

those subscribers as part of their "Basic Service" tier of cable television services.  Plaintiff intends to file a motion for class certification to represent these households.

AT&T contends that any lapse in the retransmission of KIII Channel 3 was due to the failure of KIII Channel 3 to execute a retransmission consent agreement, a type of authorization described in the applicable federal statutory and regulatory scheme, to authorize the cable television rebroadcast of the KIII Channel 3 signal.   Rebroadcast of KIII Channel 3's programming would have been illegal without such a retransmission consent agreement.

AT&T contends that Plaintiff's breach of contract claim fails for the additional reason that Plaintiff's agreement with her cable system included an express understanding that the programming carried on the cable system was subject to change, and that she would not be guaranteed to receive indefinitely and without change the precise programming that existed at the time she allegedly subscribed to such cable system.

AT&T further contends that KIII Channel 3 is a necessary party, and it has filed a Motion to Dismiss pending Plaintiff's naming of that entity as a Defendant herein.   In that Motion, AT&T also seeks dismissal on the ground that it is not the entity that allegedly provided cable television service in Corpus Christi, Texas.   The entity providing cable television service in Corpus Christi is TCI Cablevision of Texas, Inc.

*4.       Specify the allegation of federal jurisdiction.*

On January 28, 2000, Defendant AT&T Corp. removed this case this Court from the District Court of Nueces County, Texas, 105th Judicial District Court.   AT&T alleges the existence of diversity of citizenship subject matter jurisdiction (28 U.S.C. § 1332).   Plaintiff Belinda Carrillo is a citizen of the State of Texas.   Defendant AT&T Corp. is a New York corporation with its principal place of business in New Jersey.   Plaintiff purports to represent a class whose members number at least 85,000, each of whom allegedly possesses a claim against AT&T Corp. in an amount of between $11.03 and $20.00.

Defendant AT&T Corp. also alleges the existence of federal question subject matter jurisdiction (28 U.S.C. § 1331).   The provision of the cable television service at issue in this suit is governed by the Cable Communications Policy Act of 1984, as amended by the Cable Television Consumer Protection and Competition Act of 1992, codified in scattered sections of 47 U.S.C., and by various regulations promulgated by the Federal Communications Commission relating to and issued under the authority of the Act and which are compiled in Title 47 of the Code of Federal Regulations.   These statutory and regulatory provisions address the process of executing retransmission consent agreements, and preclude cable systems from rebroadcasting the signals of stations such as KIII without the proper authority.   Because, in sum, the very heart of the claims to be asserted through this attempted class action necessarily involves a determination of whether the cable system was permitted and/or required under Titles 47 of the United States Code and the Code of Federal Regulations to carry KIII during the period when a retransmission consent was lacking, this Court has original federal question subject matter jurisdiction of this action.

051134.0106 HOUSTON 139288 v1

5.      *Name the parties who disagree and the reasons.*

Plaintiff contends that removal was improper prior to the certification of a class. Plaintiff further contends that the referenced federal statutory and regulatory schemes relate only to the impossibility of performance, and not to the fact that Defendant allegedly charged Plaintiff for services allegedly not received.  Plaintiff intends to file a Motion to Remand in the near future.

6.      *List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.*

Plaintiff intends to certify a class that represents some 85,000 households in the Corpus Christi, Texas area.  Plaintiff intends to file its Motion for Class Certification within 30 days. Plaintiff has also discussed the possibility of naming as an additional Plaintiff a commercial subscriber to TCI Cablevision of Texas, Inc. service.

Defendant AT&T Corp. contends that is not the entity that provided the cable television service in issue, and that the entity providing that service is TCI Cablevision of Texas, Inc. AT&T Corp. has filed a Motion to Dismiss on this basis.  Counsel for Plaintiff has suggested that Plaintiff intends to file an amended pleading substituting TCI Cablevision of Texas, Inc. as Defendant in place of AT&T Corp.

Defendant AT&T Corp. has also urged that KIII Channel 3 is a necessary party herein. AT&T Corp.'s Motion to Dismiss is based in part on Plaintiff's failure to name KIII Channel 3 as a party.  If the Court denies the Motion to Dismiss and does not order joinder of KIII Channel 3 as a Defendant under Federal Rule of Civil Procedure 19, and if Plaintiff does not voluntarily name KIII Channel 3 as a Defendant, AT&T Corp. may assert a claim against KIII Channel 3 in accordance with Rule 14.

7.      *List anticipated interventions.*

None known at this time.

8.      *Describe class-action issues.*

Counsel for Plaintiff intends to file a Motion for Class Certification within 30 days.

9.      *State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.*

Plaintiff and Defendant intend to make their initial disclosures on or before March 17, 2000.

3

051134.0106 HOUSTON 139288 v1

10.    *Describe the proposed agreed discovery plan, including:*

    A.    *Responses to all the matters raised in Rule 26(f).*

        *(1)    What changes should be made in the timing, form, or requirement for disclosures under subdivision (a) [of Rule 26] or local rule, including a statement as to when disclosures under subdivision (a)(1) were made or will be made.*

        The parties do not request any changes in the timing, form, or requirements of Rule 26 disclosures at this time.  Initial disclosures should be made by both parties on or before March 17, 2000.

        *(2)    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.*

        Plaintiff seeks discovery about the identities of the individuals and entities who were subscribers to TCI Cablevision of Texas, Inc. cable service in the Corpus Christi, Texas area during the period of time in issue.  The parties have agreed that, prior to the resolution of Plaintiff's contemplated Motion for Class Certification, AT&T Corp. need not disclose this list of subscribers to TCI Cablevision of Texas, Inc. cable service.

        AT&T Corp. seeks discovery on: whether Plaintiff, or each of the other individuals counsel for Plaintiff seeks to join as a Plaintiff herein, is a subscriber to the cable television services in issue; whether any representations were made to Plaintiff concerning the specific services which she would receive as a cable television subscriber, or whether any agreement was reached between Plaintiff and her cable system concerning those specific services; Plaintiff's damages, including an analysis of how Plaintiff calculates her damage, as by pro-rating the amount paid for cable service for the month of January 2000 to reflect the allegation that a single channel (as opposed to the entire array of channels she allegedly received) was allegedly not transmitted, and to reflect the allegation that service was disrupted on that single channel for only a small fraction of that month; KIII Channel 3's failure to execute a retransmission consent agreement authorizing rebroadcast of its signal effective January 1, 2000; and Plaintiff's attorneys' fees claim.

        The parties believe that discovery can be completed by November 30, 2000.

        *(3)    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.*

4

051134.0106 HOUSTON 139288 v1

At this time, the parties do not request any variance from limitations imposed by the Federal Rules of Civil Procedure or this Court's local rules.

*(4)   Any other orders that should be entered by the court under subdivision (c) [of Rule 26] or under Rule 16(b) and (c).*

None known at this time.

B.   *When and to whom the plaintiff anticipates it may send interrogatories.*

Plaintiff anticipates sending interrogatories to AT&T Corp. on or before July 5, 2000.   Plaintiff may seek additional interrogatories beyond the number permitted by Federal Rule of Civil Procedure 33 if the Court grants the Motion for Class Certification that it intends to file.

C.   *When and to whom the defendant anticipates it may send interrogatories.*

Defendant anticipates sending interrogatories to Plaintiff on or before July 5, 2000.

D.   *Of whom and by when the plaintiff anticipates taking oral depositions.*

Plaintiff intends to take the depositions of: a local manager of TCI Cablevision of Texas, Inc. in the Corpus Christi, Texas area; two or three residential subscribers; one or two commercial subscribers; a few members of the community; designated corporate representatives concerning billing and the alleged disruption in service; and Defendant's expert witnesses.   Plaintiff reserves the right to designate additional individuals for deposition as further facts are learned.   Plaintiff anticipates completing these depositions by November 30, 2000.

E.   *Of whom and by when the defendant anticipates taking oral depositions.*

AT&T Corp. intends to take the oral deposition of: Belinda Carrillo; any other class representatives; any individuals Plaintiff might designate in her Initial Disclosures; third parties familiar with the failure of KIII Channel 3 to execute a retransmission consent agreement authorizing TCI Cablevision of Texas, Inc. to retransmit its broadcast signal effective January 1, 2000; members of the community regarding the interruption in service and regarding representations made to them by TCI Cablevision of Texas, Inc. concerning the nature of the services with which they would be provided; and Plaintiff's expert witnesses.   AT&T Corp. reserves the right to designate additional individuals for deposition as further facts are learned.   Defendant anticipates completing these depositions by November 30, 2000.

F.   *When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B),*

5

ClibPDF - www.fastio.com

*and when the opposing party will be able to designate responsive experts and provide their reports.*

Plaintiff believes that its ability to designate experts and provide expert reports depends on the resolution of class certification issues that it intends to present to the Court. Plaintiff believes it should be able to designate a communications industry expert and an attorneys' fees expert and to provide an expert report for the communications industry expert within two months of the Court's resolution of class certification issues.

Defendant believes that it should be able to designate responsive experts and to provide reports for its experts (except for its attorneys' fees expert) within six weeks of Plaintiff's designation of experts and furnishing of the report of its communications industry expert. Defendant anticipates designating experts regarding the following subjects, at a minimum: Plaintiff's attorneys' fees claim; standard notices provided by TCI Cablevision of Texas, Inc. to its subscribers about the fact that the programming carried on its system is subject to change; the manner in which TCI Cablevision of Texas, Inc. awards pro-rated credits or makes pro-rated charges of its fees for cable services when a subscriber receives some of all of the desired services for less than an entire month; statutes and regulations governing retransmission consent agreements and/or the retransmission of KIII Channel 3's programming on cable systems; and the process of negotiating retransmission consent agreements, both nationwide and in the case of KIII Channel 3 in particular. Some of these topics may be addressed by a communications industry expert.

The parties would propose to forestall the designation of attorneys' fees experts and the furnishing of reports for those experts until such time as the Court has ascertained that any party is liable for the payment of any other party's attorneys' fees herein.

G.  *List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).*

Plaintiff anticipates taking the deposition of the experts designated by Defendant on the above-listed topics. Plaintiff should be able to conduct these depositions by November 30, 2000.

H.  *List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).*

Defendant anticipates taking the deposition of Plaintiff's communications industry and attorneys' fees experts, and the deposition of any other expert Plaintiff designates. Defendant should be able to conduct these depositions by November 30, 2000.

6

051134.0106 HOUSTON 139288 v1

11.    *If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.*

Except to the extent that disagreement is expressly noted herein, or when the parties express different opinions on a subject in this report, all parties are agreed to this Joint Report/Case Management Plan.

12.    *Specify the discovery beyond initial disclosures that has been undertaken to date.*

None.

13.    *State the date the planned discovery can reasonably be completed.*

Plaintiff and Defendant believe that discovery can be completed by November 30, 2000.

14.    *Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.*

The parties are agreeable to participating in informal settlement discussions and, after preliminary written discovery is completed and class certification issues have been resolved, formal mediation.

15.    *Describe what each party has done or agreed to do to bring about a prompt resolution.*

At the Rule 26(f) meeting, counsel indicated that their clients were agreeable to participating in early stage settlement discussions.

16.    *From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.*

In addition to informal settlement discussions, which can commence immediately, it appears that formal mediation might be appropriate after preliminary written discovery is completed and class certification issues have been resolved.

17.    *Magistrate judges may hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.*

The parties do not consent to a trial before a United States Magistrate Judge.

18.    *State whether a jury demand has been made and if it was made on time.*

Plaintiff made a timely jury demand.

051134.0106 HOUSTON 139288 v1

ClibPDF - www.fastio.com

19.    *Specify the number of hours it will take to present the evidence in this case.*

The response to this item depends largely on whether this action proceeds as a class action and on whether KIII Channel 3 is named as a Defendant herein. Plaintiff believes it will be able to present its evidence in six to eight hours. Defendant believes it will be able to present its evidence in eight hours.

20.    *List pending motions that could be ruled on at the initial pretrial and scheduling conference.*

AT&T Corp.'s February 3, 2000 Motion to Dismiss.

21.    *List other pending motions.*

None.

22.    *Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.*

None known at this time.

23.    *Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.*

Plaintiff intends to file its Certificate of Interested Parties in the near future. Defendant filed its Certificate of Interested Parties on February 7, 2000.

24.    *List the names, bar numbers, addresses, and telephone numbers of all counsel.*

David T. Burkett
State Bar. No. 03410500
Burkett and Associates
538 S. Tancahua
Corpus Christi, Texas 78401
(361) 882-8822
(361) 883-0733 Telecopier

8

051134.0106 HOUSTON 139288 v1

Paula W. Hinton
State Bar No. 09710300
Thomas M. Bevilacqua
State Bar No. 00793342
Trent T. McKenna
State Bar No. 24013142
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
1900 Pennzoil Place – South Tower
711 Louisiana Street
Houston, Texas 77002
(713) 220-5800
(713) 236-0822 Telecopier
Counsel for Defendant AT&T Corp.

WHEREFORE, having convened a meeting on March 5, 2000 pursuant to Federal Rule

of Civil Procedure 26(f), the parties respectfully request that the Court accept and approve this

Joint Report of Meeting and Discovery/Case Management Plan.

Respectfully submitted,

BURKETT AND ASSOCIATES

David T. Burkett
Attorney-in-Charge
State Bar No. 03410500
538 S. Tancahua
Corpus Christi, Texas  78401
(361) 882-8822 Telephone
(361) 883-0733 Telecopier
**ATTORNEYS  FOR  PLAINTIFF  BELINDA
CARRILLO**

9

051134.0106 HOUSTON 139288 v1

ClibPDF - www.fastio.com

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

*Thomas M. Bevilacqua*

Paula W. Hinton
Attorney-in-Charge
State Bar No. 09710300
Southern District of Texas No. 6283
Thomas M. Bevilacqua
Of Counsel
State Bar No. 00793342
Southern District of Texas No. 20377
1900 Pennzoil Place-South Tower
711 Louisiana Street
Houston, Texas  77002
(713) 220-5800 Telephone
(713) 236-0822 Telecopier
**ATTORNEYS FOR DEFENDANT AT&T CORP.**

10