United States District Court
Southern District of Texas
FILED

MAR 22 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BELINDA CARRILLO, | § | |
| PLAINTIFF | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. C-00-37 |
| | § | |
| AT&T CORP., Individually and d/b/a | § | |
| AT&T Cable Services f/k/a TCI | § | |
| Cablevision, | § | |
| | § | |
| DEFENDANTS | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANT AT&T CORP.'S
### MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES BELINDA CARRILLO, Plaintiff herein, and files this her Response to Defendant At&t Corp's Motion to Dismiss and would show the Court as follows:

**I.**

### AT&T Corp. is not a proper party

In its first ground for dismissal, Defendant argues that Plaintiff has named the incorrect corporate entity as Defendant. Specifically, Defendant contends that AT&T Corp. has no direct involvement in the provision of cable television services in the Corpus Christi, Texas area. Rather, Defendant contends that TCI Cablevision of Texas, Inc., an "indirect subsidiary" of AT&T Corps that is "far-removed" from AT&T Corp., is a " . . . more appropriate entity for Plaintiff to have named . . . ."

Corpus Christi area cable service is billed as "AT&T Cable Services" and the sign on the business' building located on South Padre Island Drive in Corpus Christi, Texas says "AT&T Cable Services." Further, no Assumed Name Certificate was on file by AT&T Cable Services at the time

suit was filed.   Accordingly, AT&T Cable Services has violated Texas Law by denying the public access to the courts of the state by failing to file an assumed name certificate.

Nevertheless, Plaintiff has moved for leave to amend her Complaint to name TCI Cabelevision of Texas, Inc. as the sole defendant in this suit, constructively non-suiting her claims against AT&T Corp.

**II.**

**KIII Channel 3 Is Neither a Proper nor Necessary Party
to Plaintiff's Claims for Relief**

AT&T moves to dismiss Plaintiff's First Amended Original Petition on the grounds that Plaintiff has failed "to join a proper party under Rule 19." FED. R. CIV. P. 12(b)(7). Defendant further contends that, pursuant to Rule 19(a), KIII Channel 3 is a necessary party without who's participation in the suit, complete relief cannot be accorded among those already parties.   AT&T contends that KIII is a necessary party to the suit because KIII caused the interruption in cable service of the ABC affiliate programing.   Defendant misunderstands the nature of Plaintiff's complaint.

Plaintiff's complaint is a straight forward "Breach of Contract" claim.   Even when scrutinized under the Artful Pleading Doctrine (*Aaron v. National Union Fire Ins. Co. of Pittsburg*, 876 F2d 1157, 1161 (5th Cir. 1989), *cert denied*, 493 U.S. 1074, 110 S.Ct. 1121 (1990)), the allegations in Plaintiffs complaint fall far short of invoking any federal law. As noted in the complaint, Plaintiff is a subscriber to AT&T Cable Services including "basic service".   Plaintiff agreed to pay a monthly charge for the services of basic cable TV.   Defendant represented that basic cable television included the rebroadcast of KIII Channel 3, the local ABC affiliate.   Defendant failed to provide Plaintiff and other subscribers with local ABC programming.   Nevertheless, Defendant charged for services in

2

advance and has already billed Plaintiff for basic cable service, including the local ABC affiliate. Plaintiff has already paid Defendant for services for the month of January, 2000. Therefore, the Defendant is in breach of its agreement to provide such cable service and Plaintiff is entitled to all or part of consideration returned.

The contractual disagreement between Defendant and KIII Channel 3, on the other hand, is irrelevant to Plaintiff's complaint. First, there is no service agreement between Plaintiff and KIII Channel 3. Without privity, Plaintiff lacks standing to sue KIII Channel 3. That is basic "black letter law." Further, KIII Channel 3 is not the party who charged in advance for cable service, failed to deliver the service, and failed to reimburse its customers to the failure to deliver. Defendant is both the breaching party, and the only party who, under both the Uniform Code of Commerce and the Texas Business Code, is liable to Plaintiff for its breach. Were Plaintiff to be demanding specific performance on the contract, Defendant could find protection from suit in the doctrine of "impossibility"; Plaintiff understands Defendant's argument that KIII did not grant Defendant the license to broadcast the ABC signal, and therefore, Defendant would be breaking the law by delivering the product to its customer -- Plaintiff. Notwithstanding the fact that Plaintiff is not demanding specific performance, even if that was Plaintiff's claim, the law still would not permit a Seller of Services (Defendant) to **charge its Customer** (Plaintiff) **for undelivered services** just because its Supplier (KIII Channel 3) failed to deliver the product to the Seller (Defendant). It is so simple, its shocking.

Defendant's interest would be better served seeking reimbursement from KIII Channel 3 *via* a Third Party Complaint directly against KIII Channel 3 in the event KIII breached some duty to AT&T Cable Services. However, Plaintiff does not have an interest in that fight. Defendant has

clouded the issues before the Court by interjecting is arguments regarding the Cable Communications Policy Act and the Consumer Protection and Competition Act. Those statutes and Defendant's argument are "red herrings" to the real issues before the Court.

It is Plaintiff's position that, because Plaintiff has no standing and no complaint against KIII Channel 3, it is not Plaintiff's burden to join KIII Channel 3 as a co-defendant. That is Defendant's burden, if it so chooses. Therefore, it would be inappropriate to dismiss Plaintiff's claims against Defendant, pursuant to Rules 12(b)(7) and 19, essentially forcing Plaintiff to sue a party that Plaintiff does not believe is liable to Plaintiff.

## <u>Prayer</u>

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, BELINDA CARRILLO, prays that the court deny Defendant's motion to dismiss and for such other and further relief to which Plaintiff is justly entitled.

RESPECTFULLY SUBMITTED,

BURKETT & GONZALEZ
538 S. Tancahua
Corpus Christi, Texas 78401
(512) 882-8822
(512) 883-0733


By:_____
    DAVID T. BURKETT
    State Bar No. 03410500
    Fed I.D. No.12179

    ATTORNEY FOR PLAINTIFF

4

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to opposing counsel listed below, by the method of service indicated on this the 22nd day of March, 2000

## BY HAND DELIVERY:

Thomas M Bevilacqua
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP.
1900 Pennzoil Place – South Tower
711 Louisianna St.
Houston Texas, 77002
713-220-5800
713-236-0800 (fax)


_____
DAVID T. BURKETT

ClibPDF - www.fastio.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BELINDA CARRILLO,<br>PLAINTIFF | § § § | |
| vs. | § | CIVIL ACTION NO. C-00-37 |
| AT&T CORP., Individually and d/b/a AT&T Cable Services f/k/a TCI Cablevision, | § § § § | |
| DEFENDANTS | § | |

### AFFIDAVIT

STATE OF TEXAS

COUNTY OF NUECES

BEFORE ME, the undersigned personally appeared DAVID T. BURKETT who upon being first placed upon his oath states as follows:

1. My name is David T. Burkett. I am over the age of 18 and I am competent to make this affidavit and have personal knowledge of the facts therein. I am an attorney licensed in the State of Texas to practice law. I was licensed in February 1978. I am a Board Certified Personal Injury Trial Law Specialist. I certify that the allegations made in Plaintiff's Response to Defendant AT&T Corp.'s Motion to Dismiss regarding failure to file an assumed name certificate are true and correct, to the best of my knowledge.

FURTHER AFFIANT SAYETH NOT.

BY: _____
DAVID T. BURKETT
State Bar No. 03410500

SUBSCRIBED AND SWORN to before me by the said David T. Burkett, on this the

day of *March* , 2000, to certify which witness my hand and seal of office.



NOTARY PUBLIC in and for
THE STATE OF TEXAS

DIANA HARRIS
MY COMMISSION EXPIRES
May 21, 2002

ClibPDF - www.fastio.com