IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

APR 21 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| BELINDA CARRILLO, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-00-37 |
| | § | |
| TCI CABLEVISION OF TEXAS, INC. | § | |
| d/b/a AT&T CABLE SERVICES, | § | |
| Defendant. | § | |

## TCI CABLEVISION OF TEXAS, INC.'S ORIGINAL ANSWER

Defendant TCI Cablevision of Texas, Inc. ("TCITI") files this Original Answer to Plaintiff Belinda Carrillo's Second Amended Original Complaint ("Complaint"), and would respectfully show the Court as follows:

### First Defense

Plaintiff's Second Amended Original Complaint fails to state a claim against TCITI upon which relief may be granted, in whole or in part, and should be dismissed pursuant to Federal Rule of Civil Procedure 12.

### Second Defense

Plaintiff's Second Amended Original Complaint should be dismissed, or the action stayed, in accordance with Federal Rules of Civil Procedure 12 and 19, because Plaintiff has failed to name one or more parties that are necessary to this litigation, such as Channel 3 of Corpus Christi, Inc., Texas Telecasting, Inc., and/or one or more related entities.

### Third Defense

TCITI denies that Plaintiff was a subscriber to its services, and hence Plaintiff lacks standing to assert claims against TCITI.

### Fourth Defense

Defendant TCITI denies that Plaintiff Belinda Carrillo has been damaged.

### Fifth Defense

TCITI denies that Plaintiff has been damaged to the nature and extent claimed and demands strict proof thereof.

### Sixth Defense

Plaintiff has failed to take all reasonable steps to mitigate her damages.

### Seventh Defense

TCITI denies that there is any causal relationship between any alleged wrongful conduct on its part, and any alleged damages or injury resulting to Plaintiff.

### Eighth Defense

Plaintiff's claims, to the extent that they may be based on contracts and agreements not in writing, are barred by the Statute of Frauds and/or the Parol Evidence Rule.

### Ninth Defense

Plaintiff's claims are barred because the actions of TCITI of which Plaintiff complains were proper under the alleged agreements providing for the provision of cable services between Plaintiff and TCITI.

### Tenth Defense

The relief sought by Plaintiff in this suit is inconsistent with the obligations, rights, and remedies set forth in the documents defining the relationship between TCITI and its subscribers.

### Eleventh Defense

The actions of TCITI of which the Plaintiff complains were compelled by the federal statutes and regulations governing the provision of cable television services.

## Twelfth Defense

Plaintiff's claims are barred because some or all of the damages claimed by Plaintiff were caused by factors outside the control of TCITI, by the actions of third parties, by an impossibility of performance by TCITI, and/or by Plaintiff's own actions.

## Thirteenth Defense

This action is not appropriate for resolution as a class action in accordance with the standards of Federal Rule of Civil Procedure 23, for at least the following reasons: the class is not so numerous that joinder of all members is impracticable; the claims and defenses of the purported representative party are not typical of those that might be asserted by other potential members of the class; it is not apparent that the representative party would fairly and adequately represent the interests of the class; the prosecution of separate actions by the individual members of the class would not create a risk of inconsistent or varying adjudications with respect to the individual members of the class which would establish incompatible standards of conduct for the party opposing the class; and the prosecution of separate actions by the individual members of the class would not create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

## Fourteenth Defense

Answering specifically the allegations of Plaintiff's Complaint, Defendant TCITI responds as follows:

1. The Preamble to Plaintiff's Complaint contains only an introduction to the pleadings, to which no responsive pleading is required.

2. The paragraph of Plaintiff's Complaint captioned "Discovery Plan" contains only a discovery plan relevant to state court, to which no responsive pleading is required in this Court;

051134.0106 HOUSTON 143968 v2                                3

however, TCITI denies that this action, if it were proceeding in state court, would be conducted under Level 2, as that level is described in Texas Rule of Civil Procedure 190.3.

3. In response to the allegations in the paragraph to Plaintiff's Complaint captioned "Venue," TCITI responds that the test set forth in that paragraph is not the proper test for venue in this action. Venue is proper in this Court in accordance with 28 U.S.C. § 1441, because this Court is the federal court for the district and division embracing the District Court of Nueces County, Texas, 105th Judicial District, the place in which this action was pending in state court.

4. TCITI is without sufficient information upon which to admit or deny the allegations contained in the first sentence of the first paragraph under the caption "II. Parties," and accordingly denies same. TCITI denies the allegations contained in the second sentence of the first paragraph under the caption "II. Parties."

5. TCITI admits the allegations contained in the second paragraph under the caption "II. Parties" of the Complaint.

6. TCITI denies the allegations contained in the first, second, and third sentences of the paragraph captioned "III. Breach." In further response to the third sentence of the paragraph captioned "III. Breach," TCITI states that due to the provisions of the Cable Communications Policy Act of 1984 and the Cable Television Consumer Protection and Competition Act of 1992, and notices provided by TCITI to its subscribers, its subscribers were on notice that TCITI's ability to rebroadcast KIII was subject to KIII's willingness to enter into a retransmission agreement with TCITI and that TCITI's programming was at all times subject to change.

7. TCITI admits the allegations contained in the fourth sentence of the paragraph captioned "III. Breach," but only to the extent that the sentence can be construed to mean that TCITI did not rebroadcast KIII for a short period of time during a portion of the first week of

January 2000. Further, TCITI expressly denies the insinuation in the fourth sentence of the paragraph captioned "III. Breach." that Plaintiff is a subscriber to TCITI service.

8.  TCITI admits the fifth sentence of the paragraph captioned "III. Breach" only to the extent it alleges that TCITI bills for services in advance, but TCITI denies that it has already billed Plaintiff for services, including rebroadcast of local ABC affiliate programming, because Belinda Carrillo is not a customer of TCITI. Moreover, TCITI denies the implicit assertion that it has ever billed any subscriber "for" rebroadcast of the local ABC affiliate, because TCITI issues bills corresponding to various tiers of programming to which its customers subscribe; customers do not pay a specific, determined amount to receive rebroadcast of the local ABC affiliate. Additionally, TCITI denies the allegations in the fifth sentence to the extent that the sentence can be construed to mean that TCITI has billed its customers for providing retransmission of KIII during the period of time when KIII refused to allow TCITI to retransmit its programming.

9.  TCITI denies the allegations in the sixth and seventh sentences of the paragraph captioned "III. Breach."

10. TCITI denies the allegations contained in the first three sentences of the paragraph bearing the caption "IV." The fourth sentence of the paragraph bearing the caption "IV" does not contain any assertion to which a response is required. To the extent a response is required, TCITI denies all factual assertions and legal conclusions contained in the fourth sentence of the paragraph bearing the caption "IV."

11. TCITI denies the allegations contained in the paragraph bearing the caption "V."

12. TCITI denies the allegations contained in the first sentence of the paragraph captioned "VI. Attorney's Fees." TCITI is without sufficient information upon which to admit

or deny the allegations contained in the second sentence of the paragraph captioned "VI. Attorney's Fees" and accordingly denies same.

13. The Prayer of Plaintiff's Complaint does not contain any assertion to which a response is required. To the extent a response is required, TCITI denies all factual assertions and legal conclusions contained in the Prayer.

14. Each and every factual assertion and legal conclusion contained in Plaintiff's Second Amended Original Complaint that is not expressly admitted herein is denied.

### **PRAYER**

WHEREFORE, Defendant TCITI requests that the Court:

1. deny any motion Plaintiff might file seeking certification of a class;

2. deny all relief requested by Plaintiff;

3. dismiss Plaintiff's claims with prejudice;

4. enter a take nothing judgment;

5. award TCITI its costs and attorneys' fees; and

6. grant it such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

By: _____
Paula W. Hinton
Attorney-in-Charge
State Bar No. 09710300
Southern District of Texas No. 6283
Thomas M. Bevilacqua
Of Counsel
State Bar No. 00793342
Southern District of Texas No. 20377
1900 Pennzoil Place-South Tower
711 Louisiana Street
Houston, Texas 77002
(713) 220-5800 Telephone
(713) 236-0822 Telecopier

**ATTORNEYS FOR DEFENDANT
TCI CABLEVISION OF TEXAS, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of April 2000, a true and correct copy of TCI Cablevision of Texas, Inc.'s Original Answer was served via certified mail, return receipt requested, upon:

David T. Burkett
Burkett and Associates
538 S. Tancahua
Corpus Christi, Texas 78401

_____
Thomas M. Bevilacqua